## UNITED STATES of America, Plaintiff-Appellee,

v.

## Juan Antonio PAYAN–APODACA, Defendant-Appellant.

No. 00–55807.

D.C. No. CV–00–01946–R.

United States Court of Appeals, Ninth Circuit.

---

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**378**

Submitted March 11, 2002.*

Decided March 19, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Juan Payan–Apodaca appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his 235–month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Sanchez v. United States*, 50 F.3d 1448, 1451–52 (9th Cir. 1995), and we affirm.

Payan–Apodaca contends his appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the district court erred by not applying a 2–level downward adjustment pursuant to Sentencing Guidelines § 2D1.1(b)(6). His contention fails.

The district court did not clearly err by finding that Payan–Apodaca did not satisfy all of the requirements of § 5C1.2. He therefore was not prejudiced by appellate counsel's purported ineffectiveness because an appeal of this issue would not have provided grounds for reversal. *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir.2001) ("[A]ppellate counsel's fail-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

ure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal.") (citation omitted); *United States v. Real–Hernandez*, 90 F.3d 356, 360 (9th Cir.1996) (stating appellate review of district court's determination of eligibility for departure under § 5C1.2 is for clear error); U.S.S.G. § 2D1.1(b)(6) (providing that defendant must meet criteria of § 5C1.2 in order to receive 2–level adjustment). The district court therefore did not err by denying Payan–Apodaca's § 2255 motion.[1]

**AFFIRMED.**

---

1. Payan–Apodaca's motion for remand on the grounds that his term of supervised release violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is denied. *See United States v. Sanchez–Cervantes*, 282 F.3d 664 (9th Cir.2002) (concluding that *Apprendi* does not apply retroactively to initial petitions for post-conviction relief).